UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
RICCARDO SCARPIS, on behalf of himself and all :
others similarly situated, :
 :
                              Plaintiff, :  **CIVIL CASE NO.**
 :
   -against- :
 :  **COLLECTIVE AND CLASS**
CLINTON CAR WASH ASSOCIATES, LLC d/b/a :  **ACTION**
CLINTON CAR WASH, 45 WEST CLINTON :
ASSOCIATES, L.L.C., ROYAL TOUCH HAND :
WASH, LLC d/b/a ROYAL TOUCH HAND CAR :  **COMPLAINT**
WASH, ERAN SHOULMAN, and HAROLD AMNON, :
 :
                            Defendants. X
------------------------------------------------------------------------

      Plaintiff Riccardo Scarpis ("plaintiff" or "Scarpis"), on behalf of himself and all others similarly situated, by his attorneys Law Offices of Mitchell Schley, LLC, and Pechman Law Group PLLC, complaining of defendants Clinton Car Wash Associates, LLC d/b/a Clinton Car Wash ("Clinton Car Wash"), Royal Touch Hand Wash, LLC d/b/a Royal Touch Hand Car Wash ("Royal Touch") (collectively with Clinton Car Wash, the "Car Washes"), 45 West Clinton Associates, L.L.C. ("45 West"), Eran Shoulman ("Shoulman"), and Harold Amnon ("Amnon") (collectively, "defendants"), alleges as follows:

### NATURE OF THE ACTION

    1.    This action is brought to recover unpaid overtime wages, minimum wages, and all available relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the New Jersey State Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and N.J.A.C. 12:56 *et seq.* ("NJWHL").

    2.    Clinton Car Wash offers interior and exterior car washing and auto detailing services, and is located at 45 West Clinton Avenue, Bergenfield, New Jersey, 07621.

3. Royal Touch offers interior and exterior car washing and auto detailing services, and is located at 711 Route 17 North, Carlstadt, New Jersey, 07072.

4. Plaintiff brings this action pursuant to the FLSA and NJWHL on behalf of himself and other non-exempt car wash workers employed by the Car Washes ("car wash workers").

5. Defendants maintained a policy and practice that denied car wash workers the New Jersey State minimum wage and appropriate overtime compensation pursuant to the FLSA and NJWHL for hours worked in excess of 40 hours per workweek.

6. Plaintiff seeks unpaid overtime wages, minimum wages, liquidated damages, pre- and post-judgment interest, injunctive and declaratory relief against defendants' unlawful actions, and attorneys' fees and costs pursuant to the FLSA and NJWHL on behalf of himself and similarly situated car wash workers.

## JURISDICTION

7. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

8. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

9. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because a substantial part of the conduct alleged herein occurred in this judicial district and defendants reside in this district.

## THE PARTIES

**Plaintiff**

10. Plaintiff Riccardo Scarpis is a resident of Bergen County, New Jersey.

11. Scarpis was employed as a car wash worker by Clinton Car Wash from on or about March 1, 2016 to May 8, 2017.

12. At all relevant times, Scarpis was an employee engaged in commerce or the production of goods for commerce on behalf of defendants. In the performance of his duties, plaintiff handled goods daily that traveled in interstate commerce, such as supplies and materials used to wash cars.

13. At all relevant times, Scarpis was an employee of defendants within the meaning of the FLSA and NJWHL.

14. Plaintiff has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b). His written consent is attached.

**Defendants**

15. Defendant Clinton Car Wash Associates, LLC is a New Jersey corporation that owns and does business as Clinton Car Wash.

16. Clinton Car Wash has been at all relevant times an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. For example, supplies and materials that are used daily by Clinton Car Wash are produced outside of the state of New Jersey.

17. At all relevant times, Clinton Car Wash has had an annual gross volume of sales in excess of $500,000.

18. Clinton Car Wash's car wash workers, including plaintiff, handled and sold goods that have been moved in, or produced for, commerce.

19. Defendant Shoulman is an owner of Clinton Car Wash.

20. Defendant Amnon is an owner of Clinton Car Wash.

21. Shoulman is sued individually in his capacity as principal, managing member, and owner of Clinton Car Wash.

22. Amnon is sued individually in his capacity as an owner of Clinton Car Wash.

23. Shoulman was plaintiff's and the Clinton Car Wash workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Clinton Car Wash operations and established the car wash workers' terms and conditions of employment, and created and enforced the method by which the car wash workers' wages were computed.

24. For example, Shoulman had the power to, and did, hire and fire employees, establish and implement pay practices, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, and maintain time and payroll records at Clinton Car Wash.

25. Amnon was plaintiff's and the Clinton Car Wash workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Clinton Car Wash operations and established the car wash workers' terms and conditions of employment, and created and enforced the method by which the car wash workers' wages were computed.

26. For example, Amnon had the power to, and did, hire and fire employees, establish and implement pay practices, work assignments, and scheduling, control labor relations,

personnel and pay policies and practices, determine wages, and maintain time and payroll records at Clinton Car Wash.

27. Shoulman acted directly or indirectly in the interest of Clinton Car Wash.

28. Amnon acted directly or indirectly in the interest of Clinton Car Wash.

29. Shoulman is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Clinton Car Wash.

30. Amnon is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Clinton Car Wash.

31. Defendant 45 West Clinton Associates, L.L.C. is a New Jersey corporation that owns and does business as Clinton Car Wash.

32. 45 West has been at all relevant times an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. For example, supplies and materials that are used daily by 45 West are produced outside of the state of New Jersey.

33. At all relevant times, 45 West has had an annual gross volume of sales in excess of $500,000.

34. 45 West's car wash workers, including plaintiff, handled and sold goods that have been moved in, or produced for, commerce.

35. Defendant Shoulman is an owner of 45 West.

36. Defendant Amnon is an owner of 45 West.

37. Shoulman is sued individually in his capacity as principal, managing member, and owner of 45 West.

38. Amnon is sued individually in his capacity as an owner of 45 West.

39. Shoulman was plaintiff's and the 45 West's workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over 45 West's operations and established the car wash workers' terms and conditions of employment, and created and enforced the method by which the car wash workers' wages were computed.

40. For example, Shoulman had the power to, and did, hire and fire employees, establish and implement pay practices, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, and maintain time and payroll records at 45 West.

41. Amnon was plaintiff's and the 45 West's workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over 45 West operations and established the car wash workers' terms and conditions of employment, and created and enforced the method by which the car wash workers' wages were computed.

42. For example, Amnon had the power to, and did, hire and fire employees, establish and implement pay practices, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, and maintain time and payroll records at 45 West.

43. Shoulman acted directly or indirectly in the interest of 45 West.

44. Amnon acted directly or indirectly in the interest of 45 West.

45. Shoulman is personally and jointly and severally liable for the violations of the FLSA and NJWHL by 45 West.

46. Amnon is personally and jointly and severally liable for the violations of the FLSA and NJWHL by 45 West.

47. Defendant Royal Touch Hand Wash, LLC is a New Jersey corporation that owns and does business as Royal Touch Hand Wash.

48. Royal Touch has been at all relevant times an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. For example, numerous supplies and materials that are used daily by the Car Washes were produced outside of the state of New Jersey.

49. At all relevant times, Royal Touch has had an annual gross volume of sales in excess of $500,000.

50. Royal Touch's car wash workers, handled and sold goods that have been moved in, or produced for, commerce.

51. Defendant Shoulman is an owner of Royal Touch.

52. Defendant Amnon is an owner of Royal Touch.

53. Shoulman is sued individually in his capacity as principal, managing member, and owner of Royal Touch.

54. Amnon is sued individually in his capacity as an owner of Royal Touch.

55. Shoulman was plaintiff's and the Royal Touch workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Royal Touch operations and established the car wash workers' terms and conditions of employment, and created and enforced the method by which the car wash workers' wages were computed.

56. For example, Shoulman had the power to, and did, hire and fire employees, establish and implement pay practices, work assignments, and scheduling, control labor

relations, personnel and pay policies and practices, determine wages, and maintain time and payroll records at Royal Touch.

57. Amnon was plaintiff's and the Royal Touch workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Royal Touch operations and established the car wash workers' terms and conditions of employment, and created and enforced the method by which the car wash workers' wages were computed.

58. For example, Amnon had the power to, and did, hire and fire employees, establish and implement pay practices, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, and maintain time and payroll records at Royal Touch.

59. Shoulman acted directly or indirectly in the interest of Royal Touch.

60. Amnon acted directly or indirectly in the interest of Royal Touch.

61. Shoulman is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Royal Touch.

62. Amnon is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Royal Touch.

63. At all relevant times, Clinton Car Wash, 45 West, and Royal Touch had common ownership, control, operations, management, and supplies, and they acted directly or indirectly in the interest of each other in relation to plaintiff and those similarly situated.

64. At all relevant times, Clinton Car Wash, 45 West, and Royal Touch shared supplies and workers who performed the same duties at both, subject to the same employment and pay policies and practices.

65. At all relevant times, Clinton Car Wash, 45 West, and Royal Touch have been within the meaning of the FLSA and NJWHL a single and/or joint employer of plaintiff and those similarly situated and therefore they are each jointly and severally liable to the plaintiff and those similarly situated for violations of the FLSA and NJWHL.

66. At all relevant times, Clinton Car Wash and 45 West have been within the meaning of the FLSA and NJWHL a single and/or joint employer of plaintiff and those similarly situated and therefore they are each jointly and severally liable to the plaintiff and those similarly situated for violations of the FLSA and NJWHL.

67. Shoulman regularly spent half his day at Clinton Car Wash and the other half at Royal Touch.

## COLLECTIVE ACTION ALLEGATIONS

68. Plaintiff brings the First Claim against defendants as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of himself and other similarly situated individuals, which include all car wash workers employed by defendants at the Car Washes at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

69. The FLSA Collective consists of approximately 20 similarly situated current and former car wash workers who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by willfully denying them overtime pay and other wages.

70. As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

71. This policy, pattern, or practice includes, *inter alia*:

   a. failing to pay overtime at the rate of one and one-half times the FLSA Collective's regular hourly rate for hours worked in excess of 40 in a workweek.

72. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the FLSA Collective.

73. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located through defendants' records, which they are required to maintain pursuant to the FLSA and NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

74. Plaintiff brings the Second and Third Claims against defendants for unpaid minimum wage and unpaid overtime on behalf of himself and other employees similarly situated pursuant to N.J.S.A. 34:11-56a25, which provides in pertinent part, "An employee shall be entitled to maintain such action for and on behalf of himself or other employees similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated."

75. Plaintiff is a member of a class of employees of similarly situated individuals which includes all car wash workers employed by defendants at the Car Washes at any time two years prior to the filing of the action through entry of judgment in this action (the "New Jersey Class").

76. The exact number of the New Jersey Class members is unknown to plaintiff at this time, but there are believed to be at least 20 such persons.

77. The identity of the New Jersey Class members is known to the defendants and is contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

78. Plaintiff is similarly situated to the New Jersey Class because plaintiff and the New Jersey Class performed similar work under similar terms and conditions of employment, and sustained similar damages arising out of defendants' conduct in violation of the NJWHL.

79. The New Jersey Class members work, or have worked, for the defendants in New Jersey as car wash workers and were not paid New Jersey State mandated minimum wage and overtime pay by the defendants. They have sustained similar types of damages as a result of defendants' failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development contained in the New Jersey Administrative Code (NJAC).

80. Plaintiff will fairly and adequately protect the interests of the members of the New Jersey Class and has retained counsel competent and experienced in complex class action litigation.

81. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the New Jersey Class.

82. This action is properly maintainable as a class action under N.J.S.A 34:11-56a25.

## FACTUAL ALLEGATIONS

83. At all relevant times, Shoulman operated and managed Clinton Car Wash, 45 West, and Royal Touch.

84. At all relevant times, Amnon operated and managed Clinton Car Wash, 45 West, and Royal Touch.

85. Clinton Car Wash, 45 West, and Royal Touch shared car wash workers.

86. Throughout his employment, Scarpis's primary duties included washing, drying, vacuuming, and cleaning motor vehicles.

87. At all relevant times, defendants recorded Scarpis and other car wash workers' hours of work by having car wash workers clock in and out by placing a punch card into a machine.

88. At all relevant times, Scarpis and other car wash workers typically worked 69 hours per workweek.

89. Throughout his employment, Scarpis and other car wash workers generally worked seven days per week with the following schedule: Monday through Saturday, 8:00 a.m. to 6:00 p.m. and Sunday 8:00 a.m. to 5:00 p.m.

90. Scarpis and other car wash workers did not receive any meal or rest breaks during the workday.

91. Scarpis and other car wash workers were paid on a weekly basis in cash.

92. Effective January 1, 2015, the New Jersey hourly minimum wage became $8.38, and effective January 1, 2017, the New Jersey hourly minimum wage became $8.44.

93. Scarpis was paid $8.00 per hour for all hours worked, in violation of the New Jersey state minimum wage rate.

94. Other members of the New Jersey Class were paid equal to or less than $8.00 per hour for all hours worked, in violation of the New Jersey State minimum wage rate.

95. Defendants failed to pay Scarpis and other car wash workers overtime pay at one and one half (1 ½) times their hourly rate for hours worked in excess of 40 per workweek.

96. The car wash workers received tips at the end of each day, which were collected in a box at the end of the car wash.

97. Defendants did not provide Scarpis or the other car wash workers with the required notice informing them of any intention of defendants to take a tip credit toward defendants' obligations to pay minimum wages and/or overtime pursuant to the FLSA and NJWHL.

98. Defendants failed to post, in a conspicuous place, pursuant to N.J.S.A. 34:11-56a21, the "New Jersey State Wage and Hour Law Abstract," setting forth the state minimum wage and overtime requirements in English and Spanish.

99. Defendants did not keep records, as required by law, of wages and/or tips earned by plaintiff, the FLSA Collective, and the New Jersey Class.

100. Pay periods at the Car Washes were Sunday to Saturday, and payday was the Wednesday following the end of the pay period.

101. Defendants failed to pay plaintiff New Jersey minimum wage and New Jersey and federal overtime for each and every pay period he worked at the Clinton Car Wash beginning on or about March 1, 2016 to his last day on May 8, 2017.

102. These weekly pay periods in 2016 include pay periods ending on March 5, March 12, May 21, June 18, August 27, and October 1, 2016.

103. These weekly pay periods in 2017 include pay periods ending on January 7, February 11, March 18, and April 29, 2017.

104. In each of the identified pay periods above, plaintiff worked at least 69 hours.

105. Defendants failed to pay plaintiff New Jersey minimum wage and New Jersey and federal overtime for each and every pay period he worked at 45 West beginning on or about March 1, 2016 to his last day on May 8, 2017.

106. These weekly pay periods in 2016 include pay periods ending on March 5, March 12, May 21, June 18, August 27, and October 1, 2016.

107. These weekly pay periods in 2017 include pay periods ending on January 7, February 11, March 18, and April 29, 2017.

108. In each of the identified pay periods above, plaintiff worked at least 69 hours.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

109. Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

110. Defendants are required to pay plaintiff and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207, *et seq*.

111. Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiff and the FLSA Collective have regularly worked more than 40 hours per workweek.

112. For example, Scarpis worked more than 40 hours each and every workweek from on or about March 1, 2016 to May 8, 2017 as a car wash worker.

113. For each of those workweeks, defendants failed to pay Scarpis overtime wages to which he was entitled under the FLSA.

114. Defendants were aware or should have been aware that the practices described in this Claim were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

115. Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

116. As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

117. Plaintiff and the New Jersey Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

118. Under the NJWHL, defendants are required to pay plaintiff and the New Jersey Class one and one half (1 ½) times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek.

119. Plaintiff and the New Jersey Class have regularly worked more than 40 hours per week.

120. Defendants have failed to pay plaintiff and the New Jersey Class members the overtime wages to which they are entitled under the NJWHL.

121. For example, Scarpis worked more than 40 hours each and every workweek from on or about March 1, 2016 to May 8, 2017 as a car wash worker.

122. For each of those workweeks, defendants failed to pay Scarpis the overtime wages to which he was entitled under the NJWHL.

123. Defendants were aware or should have been aware that the practices described in this Claim were unlawful and have not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiff and the New Jersey Class.

124. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiff and the New Jersey Class members overtime wages.

125. Due to defendants' willful violations of the NJWHL, plaintiff and the New Jersey Class Members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## THIRD CLAIM
**(New Jersey Wage and Hour Law – Unpaid Minimum Wage)**

126. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

127. Defendants failed to pay plaintiff and the other non-exempt employees the minimum hourly wages to which they are entitled under the NJWHL.

128. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiff and the other non-exempt employees minimum hourly wages.

129. Defendants were not eligible to avail themselves of a tipped minimum wage rate under the NJWHL because the defendants were required, but failed, to inform plaintiff and the New Jersey Class of defendants' intention to take a tip credit under the NJWHL and supporting New Jersey State regulations.

130. As a result of defendants' violations of the NJWHL, plaintiff and the other non-exempt employees are entitled to recover their unpaid wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, the FLSA Collective, and the New Jersey Class respectfully request that this Court enter a judgment:

    a.    certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. § 216(b), for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

    b.    designating the named plaintiff as representative of the FLSA Collective;

    c.    certifying the case as a class action pursuant to N.J.S.A. 34:11-56a25 as it pertains to the Second and Third Claims for the class of employees described herein, certifying plaintiff as the class representative, and designating plaintiff's counsel as Class counsel;

    d.    authorizing the issuance of notice at the earliest possible time to all car wash workers who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

    e.    declaring that defendants have violated the overtime provisions of the FLSA and NJWHL;

    f.    declaring that defendants have violated the minimum wage provisions of the NJWHL;

    g.    declaring that defendants' violations of the FLSA were willful;

    h.    awarding plaintiff, the FLSA Collective, and the New Jersey Class damages for overtime compensation and unpaid minimum wage under the FLSA and NJWHL;

    i.    awarding plaintiff and the FLSA Collective liquidated damages under the FLSA;

  j. awarding plaintiff, the FLSA Collective, and the New Jersey Class pre- and post-judgment interest under the FLSA and NJWHL;

  k. awarding plaintiff, the FLSA Collective, and the New Jersey Class reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

  l. awarding such other and further relief as the Court deems just and proper.

    LAW OFFICES OF MITCHELL SCHLEY, LLC

    By: *s/Mitchell Schley*
      Mitchell Schley
      197 Route 18, Suite 3000
      East Brunswick, NJ 08816
      (732) 325-0318
      mschley@schleylaw.com

    PECHMAN LAW GROUP PLLC

    By: *s/Louis Pechman*
      Louis Pechman
      Vivianna Morales
      488 Madison Avenue – 17th Floor
      New York, NY 10022
      (212) 583-9500
      pechman@pechmanlaw.com
      morales@pechmanlaw.com
      *Attorneys for Plaintiff*

Dated:  September 5, 2017